UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

-----------------------------------------------------------------------

ZUFFA, LLC,

                Plaintiff,                        **COMPLAINT**

                                                  Civil Action No.

      -against-

DOES 1-15,

                Defendants.

-----------------------------------------------------------------------

Plaintiff ZUFFA LLC (hereinafter referred to as Zuffa or "Plaintiff"), by and through its attorneys, and for its complaint against Defendants, alleges as follows:

## NATURE OF THE CLAIM, JURISDICTION AND VENUE

1.     This is an action for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101, et seq.  This Court has jurisdiction under 17 U.S.C. § 101, et seq., 28 U.S.C. § 1331 (federal question), and § 1338(a)(copyright).

2.     Venue in this District is proper under 28 U.S.C. §1391(b) and/or 1400(a). Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the alleged events occurred and/or have a significant effect within this District.

3.     On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as the exclusive rights owner, intentionally and willfully viewed copyrighted works for which Plaintiff has exclusive rights.

## THE PARTIES

4.      Plaintiff, ZUFFA, LLC, is a limited liability company organized and existing under the laws of the State of Nevada.  Plaintiff is the exclusive owner of the copyrights at issue in this Complaint.

5.      Plaintiff is engaged in the business of distributing its copyrighted materials, as defined in 17 U.S.C. § 101, for, among other things, streaming programming including, but not limited to, copyrighted broadcasts over the Internet, for its paying customers to display and view. Plaintiff invests substantial money, time and effort in advertising, promoting, selling, and licensing such broadcasts, including the UFC #130 and #131 broadcasts, held on May 28, 2011 and June 11. 2011, respectively (hereinafter collectively referred to as the "Copyrighted Broadcasts").

6.   Plaintiff owns the Copyrights and/or exclusive rights in and to Broadcasts such as and including the Copyrighted Broadcasts at issue herein.  Plaintiff has properly filed with the Copyright Office for certificates of copyright registration in the Copyrighted Broadcasts.  As the owner of copyrights in its broadcasts, including, but not limited to, the Copyrighted Broadcasts, Plaintiff possesses the exclusive rights to, among other things, exhibit and/or distribute and/or disseminate the Copyrighted Broadcasts.

7.      The true names of the Defendants are unknown to the Plaintiff at this time.  Instead, each Defendant is known to the Plaintiff only by an Internet Protocol address (hereinafter "IP address"), which is a number assigned to devices, such as computers, that are connected to the Internet. In the cause of monitoring Internet-based infringement of its copyrighted content, Plaintiff and/or its agents observed each of the IP addresses listed on Exhibits A and B attached hereto engaging in infringing activity. On information and belief, Plaintiff states that information obtained

in discovery will lead to the identification of each Defendant's true name and address and will permit Plaintiff to amend this Complaint to state the same.

<u>**COUNT I- INFRINGEMENT OF COPYRIGHTS**</u>

8.     Zuffa, LLC is the copyright owner of the complete UFC #130 and UFC #131 broadcasts, held on May 28, 2011 and June 11, 2011, respectively.  The Copyrighted Broadcasts include all undercard matches and the entire UFC #130 and #131 broadcasts, which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

9.     Plaintiff institutes the within action to obtain redress for, and to bring a stop to, the massive and blatant infringement of its Copyrighted Broadcasts by persons and/or people who upload, display, adapt, use, and/or view Plaintiff's Copyrighted Broadcasts, such as the Defendants herein.

10.     Zuffa offered the Copyrighted Broadcasts on a pay-per-view basis through a number of online platforms to private users for a fee.  As part of its proactive efforts to prevent Internet piracy, Plaintiff identified websites which were illegally streaming Plaintiff's copyrighted content.  One such website offering illegal streaming of Plaintiff's Copyrighted Broadcasts was Greenfeedz.com, whose content was subsequently removed from the Internet.

11.     Upon information and belief, with full knowledge that the Copyrighted Broadcasts were not to be received and/or viewed by persons unauthorized to do so, the defendants without paying Plaintiff, or another authorized online platform a fee, unlawfully received and viewed one ore more of the Copyrighted Broadcasts at the time of its transmission.

12.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard and with indifference to the rights of the Plaintiff.

13.     As a result of Defendant's infringement of Plaintiff's copyrights and exclusive

rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c) for Defendants' infringement of the Copyrighted Broadcasts. Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. §505.

14.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Further harm and injury to Plaintiff is imminent, and the Plaintiffs are without adequate remedy at law with respect to such harm and injury. Unless Defendants' acts are enjoined, it is highly likely that Defendants will continue to upload, display and/or view Plaintiff's copyrighted broadcasts.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment against each Defendant as follows:

A.     That the Court enter a judgment against Defendants that they have infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. §501 and that such infringement was willful;

B.     That the Court issue injunctive relief against Defendants, enjoining and restraining them from further violation of Plaintiff's copyrights, pursuant to 17 U.S.C. §§ 502 and 503;

C.     For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

D.     For Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. §505; and

E.     For such other and further relief as the Court deems appropriate.

Respectfully submitted this __8__ day of __June__ , 2012.

ZUFFA, LLC

By: _____

Eric O. Freeman, Esq.
Selman Breitman LLP
Attorneys for Plaintiff
3980 Howard Hughes Parkway
Suite 400
Las Vegas, NV 89169
Telephone: (702) 228-7717
Facsimile: (702) 228-8824
efreeman@selmanbreitman.com